# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JACQUELINE KAY NAPOLITANO,
*et al.*

             Petitioners,

TOWN OF FENWICK ISLAND,

             Respondent.

C.A. No. S20M-08-010 CAK

Submitted: March 22, 2021
Decided: March 26, 2021

## ORDER

*Respondents' Motion for Reconsideration*

**DENIED**

Nicholas G. Kondraschow, Esquire, William Rhondunda, Esquire, Rhondunda, Williams & Kondraschow, 1521 Concord Pike, Suite 205, Wilmington, Delaware 19803, Attorneys for Petitioners.

Scott Wilcox, Esquire, Moore & Rutt, P.A., 1007 North Orange Street, Suite 446, Wilmington, Delaware 19801, Attorney for Respondent.

In this case requesting a Writ of Mandamus be issued, I recently denied the Town's Motion to Dismiss. The Town has moved for reconsideration. Because I am of the opinion I correctly decided the motion the Town's request is denied.

I quote from my brother on the bench:

A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment. "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59. The moving party has the burden to demonstrate the Court must correct an error of law or prevent manifest injustice deriving from its judgment. A Rule 59(e) application is not an avenue for the moving party to raise new arguments or rehash arguments already decided by the Court." And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would affect the outcome of the decision" challenged. Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[1]

The Town refers me to the relief sought in the Complaint, but ignores its factual allegations. At argument Petitioners suggested the facts alleged would allow for different relief. The parties asserted and argued facts outside the Complaint causing me to consider the motion as one for summary judgment.[2] If the Petitioners are asking me to second guess the zoning decisions of the Town, I

---

[1] *Skinner v. Peninsula Health Care Services, LLC* 2021 WL 1054101 (Del. Super. March 19, 2021) (footnotes and citations omitted).

[2] Superior Court Civil Rule 12(b).

will not do so.[3] But Petitioners now tell me that they are not asking for the relief they requested, but only to require the Town to address the zoning issues, which, Petitioners claim, it never did. The Town says otherwise. For me I have to at least consider the facts alleged in the petition, as well as the claim for relief.

Finally, the Town claims I misapplied *White,* supra. I do not believe this position squares with my recognition of *White* as applicable precedent.

The facts are disputed. The arguments made by each of the sides of this dispute addressed the facts as each saw them on the record as it exists. Judgment should not be granted.

The Town will have an opportunity to raise its arguments on a more fully-developed record. The Town has not met its burden to show I should reconsider my original decision, and its motion is denied.

**IT IS SO ORDERED**

/s/ Craig A. Karsnitz

FILED PROTHONOTARY
SUSSEX COUNTY
2021 MAR 26 P 3:30

---

[3]*White v. City of Wilmington,* 1995 WL 264572 (Del. Super. Apr. 20, 1995).